UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE J. THIBEAULT,

      Plaintiff,

v.                                        CASE No. 8:07-CV-589-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his

claims for Social Security disability benefits and supplemental security

income payments.[*]   Because the decision of the Commissioner of Social

Security is supported by substantial evidence and does not contain any

reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-eight years old at the time of the

administrative hearing and who has a high school education, has worked as

a laborer, oil and tire changer, mechanic, demolition construction worker, and

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 16).

custodian (Tr. 86, 319). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled as of July 16, 2004, due to back and neck injuries, degenerative disc disease, and arthritis (Tr. 78, 79). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has a severe impairment of a back disorder, status post cervical fusion (Tr. 14). He concluded that this impairment limits the plaintiff to sedentary work (Tr. 19). Specifically, the law judge found that the plaintiff retains the ability to lift and carry up to ten pounds, push and pull up to ten pounds, stand and walk for two hours with normal breaks in an eight-hour work day, and sit up to six hours with normal breaks in an eight-hour work day (id.). He also found that the plaintiff has no non-exertional limitations (id.). The law judge determined that the plaintiff's residual functional capacity precludes the plaintiff from returning to past relevant work (Tr. 20). However, based upon the plaintiff's residual functional capacity, his age, and his education, the law judge determined, pursuant to the medical-vocational guidelines, that there were jobs in significant numbers in the national economy that the plaintiff

-2-

could perform (Tr. 21). The plaintiff was therefore found not disabled (id.).
The Appeals Council let the decision of the law judge stand as the final
decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits
and supplemental security income, a claimant must be unable "to engage in
any substantial gainful activity by reason of any medically determinable
physical or mental impairment which ... has lasted or can be expected to last
for a continuous period of not less than twelve months." 42 U.S.C.
423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the
terms of the Social Security Act, is one "that results from anatomical,
physiological, or psychological abnormalities which are demonstrable by
medically acceptable clinical and laboratory diagnostic techniques." 42
U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not
disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.
405(g). Substantial evidence is "such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." Richardson v. Perales,
402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

-3-

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. <u>Id</u>.

III.

The plaintiff challenges the law judge's decision on three grounds. None of the arguments warrants reversal.

The plaintiff argues first that the law judge failed to give proper weight to the evidence of treating and examining physicians (Doc. 19, p. 7). This contention suggests that the law judge violated the principle that opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). However, as the Commissioner correctly points out, there were no opinions from treating physicians (or even examining physicians) concerning the plaintiff's functional capacity. Consequently, the principle that the opinions of treating physicians must be given substantial or considerable weight is inapposite.

The thrust of the plaintiff's argument is that the law judge, "by finding that the claimant had no non-exertional impairments[,] is dismissing all of the evidence of severe pain that appears in the records from the claimant's treating doctors" (Doc. 19, p. 7). The plaintiff argues further that, "by stating that the claimant has no non-exertional impairments, it appears

-6-

that the Commissioner is stating that he [claimant] has no pain since pain is clearly a non-exertional impairment" (id., p. 8).

To the extent that the plaintiff is arguing that by not accepting evidence of pain reflected in the medical records the law judge was rejecting medical evidence proffered by treating doctors, the argument is baseless. Statements of pain in the doctor's notes are simply the reports of the plaintiff's own subjective complaints. In discounting the plaintiff's subjective complaints, the law judge is not rejecting medical opinions.

Furthermore, the plaintiff is clearly wrong in saying that the law judge found that the plaintiff had no pain. The law judge, rather, found that the plaintiff's pain was sufficiently great to restrict him to sedentary work, but that the pain was not as disabling as he alleged (Tr. 19-20).

The plaintiff's argument on this point is also mistaken because it is premised on the incorrect idea that pain is always a non-exertional impairment (Doc. 19, p. 8). The regulations explain that pain can be an exertional limitation, a non-exertional limitation, or a combination of both. 20 C.F.R. 404.1569a, 416.969a. In this case, the law judge obviously determined that the plaintiff's pain fell into the category of an exertional

impairment.   The plaintiff has made no attempt to show that this determination is erroneous.

For these reasons, the plaintiff's first argument is meritless.

The plaintiff's second contention is that the law judge erred in dismissing the plaintiff's non-exertional impairments (Doc. 19, p. 8). This contention is also infected with the mistaken idea that pain is only a non-exertional impairment. In all events, to the extent that the plaintiff argues that the law judge erred in discounting the plaintiff's complaints of pain, that argument is unpersuasive.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce

-8-

disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987).

The plaintiff testified at the hearing that he gets sharp pain in his lower back, as well as pain down his right leg, with a tingling sensation, and burning in his calf, ankle, and thigh (Tr. 330). He said that, after twenty minutes of walking, "the pressure from my lower back, my hips, especially my right hip and my leg ... starts to throb and ache" (Tr. 335). The plaintiff also claimed that each month he gets five or six migraines, which are so unbearable that they make him want to "rip off [his] head" (Tr. 330-31).

The law judge noted the plaintiff's various complaints and found that, although "the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, ... the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (Tr. 20). The law judge provided the

-9-

following detailed explanation for his decision to discount the plaintiff's

subjective allegations of back, neck, and headache pain (id.):

> First, the claimant is only taking over-the-counter
> medications for pain relief. It would be reasonable
> that an individual with such severity of pain as
> alleged would have more powerful pain relief
> prescribed by his physician or, if his treating
> physician refused, would have sought alternative
> care. Thus, this suggests his pain is not as severe
> as he has reported. The treatment record shows a
> gap of a year, from November 2004 until
> November 2005, when the claimant did not pursue
> medical care. This is again suggestive that the
> claimant's pain is not as severe as alleged. It must
> also be considered that the claimant has reported
> activities of daily living which rebut his allegation
> of total disability. He reported doing yard work,
> vacuuming, shopping, and sharing cooking and
> housework chores. The claimant has also
> demonstrated an ability to work. While this is part-
> time work only and below the level of substantial
> gainful activity, this work, in conjunction with his
> reported activities of daily living, tend to suggest
> that the claimant is less functionally limited than
> alleged. The claimant has testified that he was not
> fired, but let go by his last employer. And, he
> subsequently received unemployment
> compensation. In accepting unemployment
> compensation, the claimant was affirming that he
> was able and willing to work. This is at odds with
> the claimant's allegation that he has been unable to
> work since July 2004. Finally, the undersigned is
> persuaded by the objective medical facts and
> findings that the claimant's impairment is not as
> limiting as alleged. The latest MRI of the cervical

> and lumbar spine showed some mild bulging and
> mild degenerative changes. The EMG and nerve
> conduction studies showed no abnormalities, thus
> rebutting the claimant's allegations of problems
> with holding a magazine. And, on reviewing these
> records, Dr. [John C.] Amann, the treating
> physician, recommended only conservative care,
> ruling out further surgery.

This explanation, which is supported by the record, adequately substantiates

the law judge's decision to discredit partially the plaintiff's testimony.

In support of his contention that the law judge erred by

discounting his subjective complaints, the plaintiff objects to the law judge's

consideration of the plaintiff's failure to obtain prescription medications

(Doc. 19, pp. 9-10). The plaintiff testified that Dr. Amann was the only

doctor that he could see under his insurance policy, but that Dr. Amann

refused to prescribe prescription pain medication (Tr. 341). Due to these

circumstances, the plaintiff contends that his lack of prescription medication

is an insufficient basis for rejecting the plaintiff's complaints of pain.

The law judge supported his decision to discredit the plaintiff's

complaints of severe pain partly on the plaintiff's failure to obtain

prescription medication (Tr. 20). The law judge reasonably could have

viewed the failure of the plaintiff's treating physician to continue to prescribe

pain medication as a basis for discrediting the plaintiff's allegations. The law judge could reasonably conclude that, if the plaintiff was suffering from disabling pain, his physician would be willing to prescribe more powerful medication than over-the-counter pain relievers.   Moreover, the law judge could have reasonably believed that the severity of the pain alleged would have prompted the plaintiff to seek alternative care.

The plaintiff also argues that the law judge erred in considering the plaintiff's failure to seek treatment for at least one year in assessing the credibility of the plaintiff's complaints (Doc. 19, pp. 9-10). The plaintiff asserts that the law judge should not have used his lack of treatment to undermine his credibility because the plaintiff believed seeking treatment would be ineffectual.   The plaintiff testified that Dr. Amann, the only physician available under his insurance, was "not doing really much" for him (Tr. 341). The plaintiff further testified that a pain specialist told him that surgery would help him, but that Dr. Amann told him he was not a candidate for further surgeries (Tr. 336-37).

The law judge utilized evidence of the treatment gap to bolster his determination that the plaintiff's complaints were not wholly credible (Tr. 20).  The law judge found that the gap in the plaintiff's treatment was

-12-

inconsistent with the plaintiff's claim of severe pain, as the plaintiff would likely have sought alternative care if faced with such severe pain as alleged. The law judge could reasonably conclude that the failure to obtain treatment during that period contradicted claims of incapacitating pain and other symptoms.

Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff's impairments severely limited him to just sedentary work (Tr. 19). The law judge only rejected the allegations of total disability.

Moreover, the plaintiff's failure to obtain prescription medications and to seek treatment were merely two factors included in the law judge's credibility evaluation. In addition, the law judge also referred to medical findings that indicated that the plaintiff was not as limited as he alleged. Also, the law judge appropriately considered the plaintiff's daily activities and concluded that they rebut the allegation of total disability (Tr. 19-20). Therefore, the proffered rationale amply supports the law judge's credibility determination.

For these reasons, the law judge's decision to discredit partially the plaintiff's subjective allegations of pain is reasonable and supported by

substantial evidence. The plaintiff certainly has not demonstrated that the evidence compels a contrary conclusion.

In his final argument, the plaintiff asserts that the law judge erred when he relied upon the medical-vocational guidelines to determine the existence of work in the national economy that the plaintiff could perform, instead of employing a vocational expert for such a determination (Doc. 19, p. 10). In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has nonexertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). However, the use of the grids is completely proper where, as here, the law judge found that the plaintiff could perform the full range of sedentary work and had no non-exertional impairments.

The plaintiff contends that the law judge erred because the presence of non-exertional limitations requires the law judge to consult a vocational expert (Doc. 19, p. 10). The plaintiff argues that the use of the grids was improper because he has non-exertional limitations due to his pain, headaches, and fatigue, as well as the impairment of dyslexia (id.).

-14-

This contention also reflects the mistaken notion that pain is always a non-exertional impairment (id.). As explained, pain can be an exertional impairment. In this case, the law judge found that there were no non-exertional impairments, thereby clearly determining that the plaintiff's pain was an exertional impairment. As previously stated, the plaintiff (who apparently did not realize that pain could be an exertional impairment) made no attempt to show that the law judge erroneously categorized the plaintiff's pain.

With respect to the allegation of headaches, this allegation was expressly addressed by the law judge's credibility determination (Tr. 20). As explained in connection with the prior argument, the plaintiff has failed to show that the credibility determination was deficient or defective. Consequently, the allegation of headaches is covered by the law judge's finding of no non-exertional impairments. Therefore, the allegation of headaches does not preclude the use of the grids.

The plaintiff in his memorandum also asserts that the grids should not have been used because of his fatigue (Doc. 19, p. 10). The plaintiff, however, did not testify to fatigue; he did not even use the word. He did indicate that his arms get tired (Tr. 334) and that he can only walk or

-15-

stand for a short period of time (Tr. 335). Those, however, are strength limitations and thus are exertional impairments. 20 C.F.R. 404.1569a, 416.969a. Moreover, they are covered by the plaintiff's restriction to sedentary work. Therefore, the conclusory assertion of fatigue does not preclude use of the grids.

The plaintiff also contends that his allegation of dyslexia prevents the application of the grids. Dyslexia, however, is not a non-exertional impairment. Rather, in the medical-vocational guidelines, it appropriately comes within the category of education. Importantly, under the guidelines, the plaintiff would be found not disabled even if he were illiterate. See 20 C.F.R., Part 404, Subpart P, App. 2, Rule 201.23.

In any event, the law judge noted that the plaintiff's "alleged dyslexia did not keep the claimant from working steadily until he allegedly stopped work in 2004 due to his back condition" (Tr. 18). In addition, the law judge found that the plaintiff has a high school education (Tr. 21). Thus, the allegation of dyslexia does not render use of the grids improper.

It is, therefore, upon consideration

ORDERED:

-16-

That the Commissioner's decision, which is supported by substantial evidence and does not contain any reversible error, is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 25ᵗʰ day of August, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE